FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHEYENNE ROSALIE FORD,<br><br>Defendant. | No. 2:24-CR-00134-TOR-2<br><br>ORDER FOLLOWING DETENTION HEARING ON DEFENDANT'S MOTION TO REVISIT DETENTION<br><br>**MOTION DENIED**<br>**(ECF No. 31)** |

On November 7, 2024, the Court held a detention hearing for Defendant CHEYENNE ROSALIE FORD to consider Defendant's Motion to Revisit Detention, **ECF No. 31**. Defendant appeared in custody represented by court-appointed counsel Robert Seines. Assistant U.S. Attorney Nowles Heinrich represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

## I.    DETENTION REVIEW HEARING

Defendant initially waived her right to a detention hearing. ECF No. 28 at 1. Defendant now seeks temporary release to American Behavioral Health Systems (ABHS) in Spokane, Washington, an inpatient substance abuse treatment facility, to avail herself of substance abuse treatment. **ECF No. 31**. The Court finds that Defendant's Motion to Reopen Detention Hearing, ECF No. 31, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f)

ORDER - 1

and conduct a detention hearing, particularly because Defendant previously waived her right to a detention hearing. ECF No. 28.

Defendant, through counsel, made factual proffers and argued there are conditions of release that would reasonably assure Defendant's future appearance as required and/or the safety of any other person and the community. Defendant asserted that inpatient substance abuse treatment would benefit Defendant. Defendant also personally addressed the Court.

The United States made factual proffers and contended the Court should not release Defendant, even temporarily, for the purpose of inpatient substance abuse treatment. The Government asserted there are no conditions of release that would reasonably assure Defendant's future appearance as required and/or the safety of any other person and the community. The Government emphasized the nature of the current charges against Defendant; Defendant's criminal history that includes a prior escape from a jail facility; and Defendant's past poor compliance while on federal supervised release on a separate case and while on pretrial release in other matters.

The Court reviewed and considered Defendant's Motion to Revisit Detention, ECF No. 31; the Pretrial Services Report, ECF No. 15; the Supplemental Pretrial Services Report, ECF No. 26; the Government's Motion for Detention, ECF No. 14; the Indictment, ECF No. 1; and the arguments and proffers of counsel.

## II. APPLICATION OF THE BAIL REFORM ACT

### A. The Bail Reform Act Generally.

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

ORDER - 2

community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish a defendant's risk of nonappearance by a preponderance of the evidence and a defendant's dangerousness to the community or any other person by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d at 1406–07. Here, the United States may seek Defendant's detention because this case involves numerous crimes of violence as well as a firearm offense. *See* ECF No. 1; 18 U.S.C. § 3142(f)(1)(A), (E).

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community, the Court considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

B. **Rebuttable Presumption of Detention.**

The United States also invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(B), asserting this case involves a firearm offense under 18 U.S.C. § 924(c). ECF No. 14 at 3. In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if

ORDER - 3

there is probable cause to believe that the person committed a qualifying offense. 18 U.S.C. § 3142(e)(3). The Court agrees that a rebuttable presumption of detention applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(B). *See* ECF No. 1 (Count 5, alleging a violation of 18 U.S.C. § 924(c)(1)(A)(ii)).

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's risk of nonappearance and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, Defendant, through counsel, proffered that she would attend inpatient substance abuse treatment and could reside with family members after successful completion of treatment. Defendant also noted her ties to the community and relatively young age. The Court finds Defendant's proffer and proposed release plan are insufficient to overcome the presumption of detention after analysis of the release factors as set forth below.

C.   **Nature and Circumstances of the Charged Offenses.**

While the Bail Reform Act does not abrogate Defendant's presumption of innocence and the Court presumes Defendant's innocence, the nature and circumstances of the charged offenses are very serious. As set forth in the Indictment, the Grand Jury charged Defendant with numerous serious and violent offenses: Assault with a Dangerous Weapon in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1153, 2 (Count 1); Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1153, 2 (Count 2); Assault with Intent to Commit a Felony in Indian Country, in violation of 18

U.S.C. §§ 113(a)(2), 1153, 2 (Count 3); Robbery in Indian Country, in violation of 18 U.S.C. §§ 2111, 1153, 2 (Count 4); and Brandishing a Firearm During a Crime Of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (Count 5). Accordingly, the allegations in the Indictment carry serious consequences, including up to a fifteen-year term of imprisonment for Count 4; up to a ten-year term of imprisonment for Counts 1, 2, and 3; a consecutive seven-year term of imprisonment (up to life) for Count 5. ECF Nos. 1, 8. This factor weighs in favor of detention.

D.   **Weight of the Evidence.**

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). The weight of the evidence against Defendant appears substantial and necessarily sufficient for the Grand Jury to return an Indictment. Based on the current record before the Court, this factor weighs in favor of detention.

E.   **Defendant's History and Characteristics.**

Defendant is 29 years old and has spent her entire life in eastern Washington and Idaho. ECF No. 26 at 2. Defendant has a large and supportive family. *Id*. Defendant graduated from high school but has never been employed. *Id*. Defendant has no children. *Id*. Defendant has a mental health history and a long history of substance abuse that includes marijuana, alcohol, oxycodone, heroin, methamphetamine, and fentanyl abuse. *Id*. at 3. Defendant admits to daily methamphetamine and fentanyl use prior to her arrest in the instant case. *Id*.

Defendant has a criminal history beginning at age 21. *Id*. at 4. Defendant has convictions for third degree theft (2017); escape (2019); assault on a federal officer (2019); third degree driving while license suspended (2022); and narcotic drugs/controlled substance possession (2021). *Id*. at 4-9. Defendant also has

ORDER - 5

unknown dispositions for numerous other charges, including fugitive from justice; controlled substance possession; obstruction of an officer; unauthorized use of property; false information to a law enforcement officer; receiving stolen property; and other charges from 2016 through 2019. *Id*. at 4-5. Defendant's escape and assault on a federal law enforcement officer convictions stem from the same incident and are of particular concern. As set forth in the Supplemental Pretrial Services Report, Defendant escaped from a secure facility after physically attacking a corrections officer and stealing her keys. *Id*. at 7-8. Additionally, while on supervised release for those offenses, Defendant's supervised release was revoked on two separate occasions. *Id*. at 6. Finally, Defendant failed to appear for prior court proceedings approximately ten times and also failed to comply with numerous pretrial and post-conviction supervision requirements. *Id*. at 4-9. On the record before the Court, this factor weighs heavily in favor of Defendant's detention.

F. **Nature and Seriousness of the Danger to the Community Posed by Defendant's Release.**

Finally, the Court must consider whether Defendant would pose an unacceptable risk to the safety of the community if released. The allegations in the Indictment are of great concern and involve serious violence and the use of a firearm. ECF No. 1. Defendant's criminal history also includes prior acts of violence and a willingness to use violence to escape custody. ECF No. 26 at 7-8. Additionally, Defendant has a history of failing to appear, absconding, and failing to comply with supervision requirements. *Id*. at 4-9. On the record before the Court, this factor weighs heavily in favor of Defendant's detention.

### III.   ORDER

The Court reviewed and considered Defendant's Motion to Revisit Detention, ECF No. 31; the Pretrial Services Report, ECF No. 15; the

ORDER - 6

Supplemental Pretrial Services Report, ECF No. 26; the Government's Motion for Detention, ECF No. 14; the Indictment, ECF No. 1; and the arguments and proffers of counsel. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). The Court also considered the rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(B).

Based on all of the reasons set forth in this Order and during the hearing, after considering the 18 U.S.C. § 3142(g) factors, the Court finds that Defendant has not overcome the presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3)(E). Additionally, for all the reasons stated in this Order and during the hearing, regardless of the presumption of detention in this case, the Court also finds the Government has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and the Court finds the Government has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released, even temporarily for inpatient substance abuse treatment. While the Court hopes Defendant is sincere in her desire to obtain substance abuse treatment, on the record before the Court, Defendant's release to an unsecure

substance abuse treatment facility is not remotely appropriate for all of the reasons set forth above and during the hearing.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Revisit Detention, **ECF No. 31**, is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

ORDER - 8

3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a post-bail report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED November 22, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 9